### GUTHMAN v. UNITED STATES (No. 41).[1]

"RATS"—HAIR ROLLS.

"Wearing apparel of every description" includes hair rolls or "rats" composed of cotton, wool, and metal, metal being the component material of chief value, and as such these were dutiable under paragraph 370, tariff act of 1897.

### United States Court of Customs Appeals, January 11, 1911.

TRANSFERRED from United States Circuit Court for Southern District of New York (T. D. 29629).

[Affirmed.]

*Comstock & Washburn (George J. Puckhafer, of counsel)* for appellants.

*D. Frank Lloyd, Assistant Attorney General (Edwin R. Wakefield on the brief)*, for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The question in this case is whether hair rolls, more commonly called "rats," composed of wool, metal, and cotton, metal being the component material of chief value, are to be classified as "wearing apparel of every description" under the provisions of paragraph 370 of the tariff act of 1897, or as "manufactures of wire or metal, or articles composed wholly or in part of metal" under paragraph 193 of that act.

No testimony was introduced in this case before the Board of General Appraisers other than a sample of the merchandise, which, being referred to the analyst in charge of the port of New York, was returned as "Mohair, 29.35 per cent; metal, 70.20 per cent; cotton, 0.45 per cent;" the proportions being in value.

Concededly the provision for wearing apparel of every description is more specific in terms than the expressions used by Congress in the other paragraphs, and if the merchandise comes within the description "wearing apparel of every description" it was properly classified by the collector, whose decision in the premises was affirmed by the Board of General Appraisers.

In some of the earlier decisions a disposition was manifested to confine the words "wearing apparel" to outer garments or clothing. In the later decisions, however, and we think it has been well settled for a long while, a broader scope has been assigned these words.

---

[1] Reported in T. D. 31214 (20 Treas. Dec., 89).

In Arnold *v.* United States (147 U. S., 494), decided in 1893, the words "wearing apparel" were construed by that court. In the opinion it is stated as follows:

* * * The term "wearing apparel" is not an uncommon one in statutes and is used in an inclusive sense as embracing all articles which are ordinarily worn—dress in general.

The court then proceeds to cite the use of these words in other statutes, such as making property exempt, the bankruptcy statutes, and other statutes, as follows:

* * * No one would suppose that under such statutes a man's pantaloons and shoes were exempt while his drawers and socks were not. * * * "Articles of wearing apparel of every description" was obviously meant to reach out and include everything that one wears.

As is well known, the use of this article is as a support by means of which the hair is arranged according to the prevailing mode of the coiffure. In this respect their use is not unlike that of corsets, which have long been held to be wearing apparel. As worn, neither are ornaments nor matters of personal adornment per se. They are plainly and clearly within the definitions laid down by the highest court as to what is included within "wearing apparel of every description."

*Affirmed.*